UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SETH DAVID GRAVES          ]
    Plaintiff,              ]
                           ]
v.                         ]          No. 3:15-1151
                           ]          Judge Trauger
WILSON COUNTY JUDICIAL     ]
COMMISSIONER               ]
    Defendant.              ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is a pre-trial detainee at the Wilson County Jail in Lebanon, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against John Doe, a Wilson County Judicial Commissioner, seeking damages.

The plaintiff's claim reads in its entirety as follows :

> I was assaulted by an inmate and wanted
> to sign a warrant against the assaultant
> but was deprived that right due to a unknown
> reason.

Apparently, the plaintiff believes that the defendant violated his rights by refusing to issue a warrant for the arrest of the inmate who assaulted him.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of a right guaranteed by the Constitution

1

or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

It is well settled that a private citizen lacks a judicially cognizable interest in the criminal prosecution or non-prosecution of another individual. Leeke v. Timmerman, 454 U.S. 83, 86 (1981). Thus, the plaintiff's rights were not violated when the defendant failed to issue a warrant for the arrest of the offending inmate.

Because the allegations in the complaint do not rise to the level of a constitutional deprivation, the plaintiff is unable to prove every element of a § 1983 cause of action. The plaintiff, therefore, has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge